UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CCAPS, LLC | CIVIL ACTION |
| VERSUS | NO. 23-66 |
| HD AND ASSOCIATES, LLC | SECTION: D (4) |

**ORDER AND REASONS**

Before the Court is a Motion to Remand filed by the Plaintiff, CCAPS, LLC.[1] The Defendant, HD and Associates, LLC has filed a response in opposition to Plaintiff's Motion.[2] After careful consideration of the parties' memoranda and the applicable law, the Court **GRANTS** the Motion and **REMANDS** this matter to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

**I.   FACTUAL & PROCEDURAL BACKGROUND**

The Court is well-versed in the factual background of this case and the related cases filed by the parties.  The Court has previously detailed the factual background of the events and circumstances comprising the facts of this case in the Court's Order granting in part and denying in part Defendant HD and Associates' Motion to Dismiss in the 21-2195 matter.[3]  Accordingly, the Court only summarizes the background of this case as it pertains to the instant Motion to Remand.

Plaintiff CCAPS, LLC ("Plaintiff") originally filed this action against the Defendant HD and Associates, LLC ("Defendant") in state court in the 24th Judicial

---

[1] R. Doc. 5.
[2] R. Doc. 6.
[3] *See CCAPS, LLC v. HD & Assocs., LLC*, No. CV 21-2195, 2023 WL 1965087, at *1–3 (E.D. La. Feb. 13, 2023) (Vitter, J.).

District Court for the Parish of Jefferson, State of Louisiana on December 2, 2022, seeking, *inter alia*, to enforce a lien against Defendant's property under the Louisiana Private Works Act.[4] The Defendant timely removed the action to this Court on January 6, 2023 claiming that this Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because of the complete diversity of the parties and because the amount in controversy exceeds the jurisdictional threshold.[5] The Defendant alleged that Plaintiff's citizenship for diversity purposes is Delaware and that the Defendant is a citizen of Louisiana because Defendant's sole member is domiciled in Louisiana.[6]

Plaintiff timely filed the instant Motion to Remand on February 2, 2023, arguing that while this Court possesses diversity jurisdiction over this action, the action should nevertheless be remanded because of a procedural defect in the removal.[7] Specifically, Plaintiff contends that Defendant is statutorily barred from removing this action under the so-called "forum defendant rule," 28 U.S.C. § 1441(b)(2), because Defendant is a citizen of Louisiana and the forum state is Louisiana.[8] Accordingly, Plaintiff argues that this matter should be remanded back to Louisiana state court. Plaintiff also argues that this Court should order Defendant to pay Plaintiff its "just costs and actual expenses, including attorney fees" that Plaintiff has incurred due to Defendant's legally improper removal because Defendant lacked an "objectively reasonable" basis for removal.[9]

---

[4] R. Doc. 1-1.
[5] R. Doc. 1. This case was initially before another section of the court before being transferred to this Court. *See* R. Doc. 6.
[6] *Id.* at p. 2.
[7] R. Doc. 5.
[8] R. Doc. 5-1 at pp. 3–5.
[9] *Id.* at pp. 5–7.

Defendant filed a brief response in opposition to the motion, arguing that the court may exercise jurisdiction over this action under the Court's ancillary jurisdiction because this case involves the exact set of facts and circumstances as another matter, 21-cv-2195, pending before the Court.[10] Defendant contends that Plaintiff is "forum shop[ping] its dubious lien claim" and that this Court should not allow Plaintiff to relitigate in state court the issues that this Court has already decided.[11] Defendant does not address Plaintiff's argument that the removal is procedurally improper under 28 U.S.C. § 1441(b)(2) because Defendant, a citizen of Louisiana, cannot remove an action originally brought in Louisiana courts. Moreover, during the Court's Telephone Status Conference on March 23, 2023,[12] Defendant was unable to articulate any reason as to the propriety of removal of this action.

## II.  LEGAL STANDARD

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[13] The removing party bears the burden of proving federal diversity jurisdiction.[14] The removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[15] Remand is proper if at any time the court lacks subject matter

---

[10] *See* R. Doc. 7 at pp. 3–5.
[11] *Id.* at p. 4.
[12] The Minute Entry for the Telephone Status Conference was filed into the record of the main 21-2195 action.  *See CCAPS, LLC v. HD & Assocs., LLC*, No. CV 21-2195, R. Doc. 138 (E.D. La. Mar. 23, 2023).
[13] 28 U.S.C. § 1441(a).
[14] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).
[15] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

jurisdiction.[16] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[17]

Even if the requirements of subject-matter jurisdiction are satisfied, the removing party must meet certain procedural requirements. One such requirement is the so-called "forum-defendant rule" which limits the ability of a defendant to remove an action based on diversity jurisdiction to a court of a state of which it is a citizen.[18] Specifically, 28 U.S.C. § 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[19] Because this procedural requirement and bar to removal does not implicate subject matter jurisdiction—and is therefore waivable—a plaintiff must file a motion to remand based on this defect within thirty days of the filing of the notice of removal under 28 U.S.C. § 1446(a).[20] Further, the Court may order the "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" when issuing an order remanding a case.[21]

---

[16] *See* 28 U.S.C. § 1447(c).
[17] 28 U.S.C. § 1332(a)–(a)(1).  There is no dispute that the amount in controversy requirement is satisfied in this case.
[18] *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009).
[19] 28 U.S.C. § 1441(b)(2).
[20] *In re 1994 Exxon Chem. Fire*, 558 F.3d at 392; 28 U.S.C. § 1447(c).
[21] 28 U.S.C. § 1447(c).

## III. ANALYSIS

### A. This Matter Must Be Remanded

Defendant, a citizen of Louisiana and properly served, removed this case from Louisiana state court to this Court solely upon grounds of diversity jurisdiction. That is plainly prohibited by 28 U.S.C. § 1441(b)(2). A defendant cannot remove an action on diversity grounds if the defendant is a citizen of the state in which the action is brought. Because Plaintiff timely filed its Motion to Remand, this Court must remand the action for failure to comply with the statutory requirements of removal.

Moreover, Defendant's discussion of ancillary jurisdiction is without merit. Plaintiff's claims do not fall within this Court's supplemental jurisdiction, 28 U.S.C. § 1367, because they have their own independent basis for subject matter jurisdiction under 28 U.S.C. § 1332. Put plainly, Plaintiff's claims are not supplemental to any other claim. To the extent that Defendant argues that this Court should consider the similar claims filed by the Plaintiff in separate actions, the Court declines to entertain such an operation to stitch together various claims in various cases across the Court's dockets. "That a related case was pending in federal court [i]s not in itself sufficient grounds for removal under 28 U.S.C. § 1441."[22] The Court properly

---

[22] *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 260 (5th Cir. 2014) (quoting *Fabricius v. Freeman*, 466 F.2d 689, 693 (7th Cir. 1972)); *see also Motion Control Corp. v. SICK, Inc.*, 354 F.3d 702, 706 (8th Cir. 2003) ("[A] removal petition . . . may not base subject-matter jurisdiction on the supplemental-jurisdiction statute, even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction." (quoting *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996))); *cf. Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 31 (2002) (explaining that the All Writs Act, 28 U.S.C. § 1651, does not "give[] a federal court the authority to remove a state-court case in order to prevent the frustration of orders the federal court has previously issued").

considers only the claims in *this* action.  Further, the Defendant's invocation of ancillary jurisdiction does nothing to alleviate the procedural deficiency of removing this case.  Nothing that the Defendant has presented to the Court negates the procedural requirements of 28 U.S.C. § 1441 or demonstrates that the Court can continue to entertain this action in spite of the clear statutory language barring removal.

### B. The Defendant Lacked an "Objectively Reasonable" Basis for Removal

Upon remanding a case, a court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[23]  Payment of costs and fees is not automatic; it is within a district court's sound discretion in determining whether a party should pay the attorney's fees and costs of the non-removing party and depends on "an objective view of the legal and factual elements in each particular case."[24]  A court "evaluate[s] the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper."[25]  Further, a court does not consider the subjective motives of a removing defendant and does not inquire into the good or bad faith of the defendant.[26]  A court should only order the removing defendant to pay the

---

[23] 28 U.S.C. § 1447(c).
[24] *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).
[25] *Id.*
[26] *Id.* at 292.

opposing party's costs and attorney's fees if the removing defendant lacked an objectively reasonable basis for removal.[27]

Plaintiff argues that it is entitled to an order awarding it its expenses, costs, and fees associated with this removal because Defendant lacked any reasonable basis for removal in light of the clear statutory bar to removal. The Court concurs. As discussed above, Defendant's removal was procedurally defective under the "forum-defendant rule." This black letter rule of law clearly limits the ability of a defendant similarly situated to remove an action filed in their own home state. Notably, in neither their response in opposition to the Motion nor during the Court's Telephone Status Conference was Defendant able to articulate any reasonable basis as to why the "forum-defendant rule" should not apply. Accordingly, the Court finds that the Defendants lacked an "objectively reasonable basis for removal."[28] The Defendant shall pay the Plaintiff its "just costs and actual expenses, including attorney fees" that it has incurred as a result of Defendant's improper removal.

## IV.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Motion to Remand[29] is **GRANTED**. This case shall be **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana for further proceedings.

---

[27] *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005) ("We hold that, absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal.").
[28] *Id.*
[29] R. Doc. 5.

**IT IS FURTHER ORDERED** that the Defendant shall pay Plaintiff's actual costs, expenses, and attorney fees that Plaintiff incurred as a result of this objectively unreasonable removal.

New Orleans, Louisiana, March 27, 2023.

*[signature: Wendy B Vitter]*
**WENDY B. VITTER**
**United States District Judge**